[Cite as *State v. Vickroy*, 2017-Ohio-9209.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 17-CA-17 |
| ZACHARIAH VICKROY | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2016-CR-404 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 21, 2017 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| R. KYLE WITT<br>Fairfield County Prosecuting Attorney | SCOTT P. WOOD<br>Conrad/Wood<br>12 East Main Street, Suite 200<br>Lancaster, Ohio 43130 |
| BRIAN T. WALTZ<br>Assistant Prosecuting Attorney<br>239 West Main Street, Suite 101<br>Lancaster, Ohio 43130 | |

*Hoffman, J.*

{¶1} Defendant-appellant Zachariah Vickroy appeals his convictions and sentence entered by the Fairfield County Court of Common Pleas, on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; and one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree, following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On September 23, 2016, the Fairfield County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; two counts of robbery, in violation of R.C. 2911.02(A)(2), felonies of the second degree; one count of grand theft, in violation of R.C. 2913.02(B)(2), a felony of the fourth degree; and one count of theft, in violation of R.C. 2913.02(A)(3), a misdemeanor of the first degree. Appellant appeared for arraignment on November 8, 2016, and entered pleas of not guilty to all of the charges.

{¶3} The matter proceeded to jury trial on February 28, 2017. On the first day of trial, prior to the start of trial, the State moved to dismiss Counts Three (robbery), Four (grand theft), and Five (theft) of the Indictment. With no objections from Appellant, the trial court granted the State's motions.

{¶4} The following evidence was adduced at trial.

{¶5} Jennifer and Rico Kesterson were asleep in their home at 725 N. Pierce Ave, Lancaster, Fairfield County, Ohio, on August 25, 2016, when they were awoken by the sound of loud crash caused by someone breaking into the residence. Rico got out of bed to investigate. As he entered the kitchen, he encountered Appellant, who sprayed

him in the face with bug spray.  Jennifer heard Rico say, "Oh!", and proceeded to the kitchen. She found Rico backing up, stating he could not see anything.  As she ran toward her husband, Appellant instructed both of them not to move.  Appellant had a gun pointed at Rico.

{¶6}    The Kestersons had met Appellant through a mutual friend.  After the initial meeting, Appellant appeared unannounced at the Kesterson residence three additional times. Rico asked Appellant not to return. Rico observed another individual standing behind Appellant, whom he recognized from one of Appellant's prior unannounced visits.

{¶7}    While Appellant brandished the gun at the Kestersons, the unidentified male picked up a safe.  Thereafter, the men fled the residence.  Rico chased the men and ended up in a physical altercation with the unidentified male.  Appellant and the other individual man were able to get away.

{¶8}    Rico called 911.  During the 911 call, Rico identified Appellant by name as one of the robbers.  Officers were dispatched to the Kesterson residence.  Officers noted Rico's injuries were consistent with being sprayed by mace or bug spray, to wit: red face; glassy, bloodshot eyes; coughing; and gagging.  Officers found the window of the door the perpetrators used to gain entrance into the home had been broken.  A can of bug spray was discovered in the house, but no useable fingerprints were obtained from the can. BCI tested the can for touch DNA.  The DNA on the can did not belong to Appellant. The testing could not exclude Appellant as having handled the can.  Both Jennifer and Rico identified Appellant at trial.  The Kestersons also separately identified Appellant with 100% certainty through a photo line-up.

{¶9} Appellant was arrested on August 29, 2016, at the residence of Daniel Pavlov, who was an acquaintance of the Kestersons. Pavlov was with Rico when he purchased the safe a few days prior to the break-in. Pavlov had seen the contents of the safe. When he was arrested, Appellant was in possession of a necklace which had been in the safe at the time of the incident. Appellant was also in possession of a large amount of cash, which mainly consisted of $100 bills, which was consistent with the denominations in the safe.

{¶10} After hearing all the evidence and deliberating, the jury found Appellant guilty of one count of aggravated burglary and one count of robbery. On March 22, 2017, the trial court conducted a sentencing hearing. The trial court merged the two counts, and the State elected to proceed with sentencing on the aggravated burglary charge. The trial court imposed a prison term of six years.

{¶11} It is from his convictions and sentence Appellant appeals, assigning as error:

{¶12} 1. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF AGGRAVATED BURGLARY AND ROBBERY.

I

{¶13} When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Monroe,* 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 47. Sufficiency is a test of adequacy. *State v. Thompkins* (1997)*,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Accordingly, the question of whether the offered

evidence is sufficient to sustain a verdict is a question of law. *State v. Perkins,* 3d Dist. Hancock No. 5–13–01, 2014-Ohio-752, 2014 WL 855870, ¶ 30, citing *Thompkins* at 386.

**{¶14}** Appellant was convicted on one count of aggravated burglary.  The offense of aggravated burglary is defined in R.C. 2911.11(A)(1), as follows:

(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

(1) The offender inflicts, or attempts or threatens to inflict physical harm on another.

**{¶15}** Appellant was also convicted of one count of robbery, in violation of R.C. 2911.02(A)(2), which provides:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

* * *

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.

**{¶16}** In his Brief to this Court, Appellant argues the State's entire case was based on the testimony of Rico Kesterson, who is a convicted felon and who had been released from prison just months before the incident, and Jennifer Kesterson, his wife. Appellant notes there was no physical evidence establishing he was at the Kesterson residence on the day of the incident. Appellant also points to a number of alleged inconsistencies in the evidence, including the fact Appellant and his cohort entered a home about which they had no prior knowledge, but knew exactly where the safe was hidden; law enforcement officers never recovered the safe or located the getaway vehicle; no one in the neighborhood saw or heard anything despite testimony of screeching truck tires and Rico yelling as he attempted to jump in the truck; testimony the Kesterson's dogs never barked or rustled; and the fact Danny Pavlov, the Kesterson's acquaintance, returned items to the Kestersons which they had in the safe, and the same kind of wasp/hornet spray Appellant used on Rico was found in the back of Pavlov's truck. Appellant concludes, in light of Rico Kesterson's lack of credibility and the inconsistencies in the evidence, there was insufficient evidence to convict him.

**{¶17}** Appellant's arguments go to the issue of credibility and the weight to be given to the evidence, not the sufficiency of the evidence.

**{¶18}** Turning to the sufficiency of the evidence, we find, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of aggravated burglary proven beyond a reasonable

doubt. The State offered testimony which established Appellant, "by force, stealth, or deception" trespassed in an occupied structure, to wit: the Kesterson residence, and inflicted physical harm on Rico Kesterson and threatened to inflict physical harm on Jennifer Kesterson. We further find, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of robbery. The State presented evidence which established Appellant, "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense," inflicted physical harm on Rico Kesterson and threatened to inflict physical harm on Jennifer Kesterson.

{¶19} We find there was sufficient evidence to support Appellant's convictions.

{¶20} Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur